# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

VICTOR KENTON CATLETT,
            *Defendant-Appellant.*

No. 04-4228

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-02-56)

Submitted: August 11, 2004

Decided: September 13, 2004

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Christopher D. Janelle, SUTTON & JANELLE, P.L.L.C., Martinsburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Victor Kenton Catlett appeals his jury convictions for multiple drug trafficking offenses. We affirm. Catlett was convicted of conspiracy to distribute cocaine, marijuana, oxycontin, and oxycodone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (2000); distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1) (2000); and distribution of cocaine, in violation of § 841(a)(1). Catlett was sentenced to 128 months in prison.

On appeal, Catlett first argues that a "fatal variance" occurred between the conspiracy charge in his superseding indictment and the evidence adduced at his trial. Catlett presented this fatal variance argument in a post-judgment motion for a new trial, which the district court denied. We review the district court's decision for an abuse of discretion. *See United States v. Campbell*, 977 F.2d 854, 860 (4th Cir. 1992). The district court abuses its discretion when its decision on the issue presented is "arbitrary or irrational." *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988).

A "variance" occurs when the evidence presented at trial differs materially from the facts alleged in the indictment. *United States v. Kennedy*, 32 F.3d 876, 883 (4th Cir. 1994). However, a variance is not grounds for reversal unless it prejudices the defendant by either surprising him at trial and hindering the preparation of his defense, or by exposing him to the danger of a second prosecution for the same offense. *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999). Guided by these principles, we have thoroughly reviewed the submissions of the parties and conclude that no "fatal variance" from the superseding indictment occurred in this case. *See United States v. Queen*, 132 F.3d 991, 999-1000 (4th Cir. 1997).

Catlett next asserts that the district court erred in admitting evidence of a voluntary statement that he gave to California police in 1992. Specifically, Catlett argues that the statement was inadmissible under Fed. R. Evid. 404(b). Rule 404(b) prohibits the admission of evidence solely to prove a defendant's bad character, but such evidence may be "admissible for other purposes, such as proof of motive,

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Rule 404(b) only applies to acts extrinsic to the crimes charged. Where testimony is admitted as to acts intrinsic to the crimes charged, and is not admitted solely to demonstrate bad character, it is admissible. *See United States v. Chin*, 83 F.3d 83, 87-88 (4th Cir. 1996). Applying these principles to the instant case, we conclude that Catlett's voluntary 1992 statement provided relevant evidence of the conduct charged in the superseding indictment. Thus, the district court did not act in an arbitrary or irrational manner in its decision to admit this evidence at trial. *See United States v. Loayza*, 107 F.3d 257, 263-64 (4th Cir. 1997); *Rawle*, 845 F.2d at 1247.

Lastly, Catlett argues that the district court erred in permitting the trial testimony of two California police officers. Catlett's trial was scheduled to begin on August 26, 2003. The Government filed its initial witnesses and exhibits list on July 23, 2003. The Government filed a supplemental witness list on July 28, 2003, and an amended witness list on July 29, 2003. The Government then filed a supplemental discovery disclosure and a fourth witness list on August 20, 2003. The fourth witness list included the names and office locations of Delbert Gray and Lloyd Winstead, the California policemen who were involved in the events leading up to the 1992 statement. On August 21, 2003, Catlett filed a motion *in limine* to preclude Gray and Winstead from testifying, arguing that these witness were disclosed too close to the start of the trial. The district court denied this motion and the trial began, as previously scheduled, on August 26, 2003.

As noted, we review the decision to admit or exclude evidence for an abuse of the court's discretion; the relevant inquiry therefore is whether the district court's exercise of discretion was arbitrary or irrational. *See United States v. Ellis*, 121 F.3d 908, 926 (4th Cir. 1997); *Rawle*, 845 F.2d at 1247. Evidentiary rulings are also subject to review for harmless error under Fed. R. Crim. P. 52. *See United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997). Having reviewed the chronology of events and the materials before us, we conclude that the decision to admit the testimony of Gray and Winstead was not an abuse of discretion. Moreover, the case Catlett relies on for this point of error, *United States v. Walton*, 602 F.2d 1176 (4th Cir. 1979), is inapposite. In *Walton*, this Court expressed concern because the

Government's key witness was placed in a witness protection program with no means of access to defense counsel, the witness' whereabouts were unknown, and the Government denied defense counsel's specific request to interview the witness. *See Walton*, 602 F.2d at 1179. No such facts are present in the instant case.

For the foregoing reasons, we affirm Catlett's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*